IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Calvin Jackson
_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Midland Credit Management Inc
_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:26-cv-00453-RMG-MHC

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☒ No
*(check one)*

RCVD - USDC - CHAS, SC
2026 FEB 5 PM 12:16

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CALVIN JACKSON,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

Case No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is a civil action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., brought by Plaintiff against Defendant Midland Credit Management, Inc. ("Midland").

2. Midland filed a state-court collection lawsuit against Plaintiff without possessing admissible evidence of the alleged debt or lawful ownership thereof.

3. After Plaintiff timely disputed the alleged debt and demanded validation, Midland failed to provide any validation or proof of ownership, failed to conduct a reasonable investigation, and instead silently removed the tradeline from Plaintiff's consumer reports while continuing to rely on unverified information.

4. Midland's conduct violated multiple provisions of the FDCPA and FCRA and caused Plaintiff concrete financial, reputational, and emotional harm.

## II. PARTIES

5. Plaintiff is a natural person residing in the State of South Carolina and is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

6. Defendant Midland Credit Management, Inc. is a Kansas corporation with its principal place of business located at 350 Camino de la Reina, Suite 100, San Diego, California 92108.

7. Midland regularly collects or attempts to collect debts allegedly owed or due to another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this District and Defendant conducts substantial business here.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff is a consumer who has consistently exercised his rights under federal consumer protection laws to ensure that only accurate, complete, and legally collectible debts appear on her credit reports.

11. On or about July 27, 2020, Defendant Midland Credit Management, Inc. ("Midland") initiated a civil debt collection lawsuit against Plaintiff in the State of California, County of Berkeley, alleging that Plaintiff owed a consumer debt purportedly acquired by Midland.

2

12. The alleged debt arose from a transaction allegedly incurred for personal, family, or household purposes.

13. At the time Midland filed the state-court lawsuit, Midland did not possess competent, admissible evidence establishing: (a) the existence of a valid underlying debt; (b) the amount allegedly owed; or (c) Midland's lawful ownership of the alleged account through a complete chain of title.

14. Midland nevertheless elected to pursue judicial collection, placing Plaintiff in the position of having to defend herself against a lawsuit based on unproven and undocumented claims.

15. While the lawsuit was pending and thereafter, Midland furnished information regarding the alleged debt to one or more consumer reporting agencies, causing the alleged account to appear on Plaintiff's consumer credit reports.

16. The presence of the alleged Midland tradeline adversely affected Plaintiff's credit standing, caused distress, and interfered with Plaintiff's ability to freely manage her financial affairs.

17. On or about August 6, 2025, Plaintiff exercised his statutory rights and disputed the alleged debt in writing, demanding validation pursuant to 15 U.S.C. § 1692g(b).

18. In his dispute, Plaintiff specifically requested that Midland provide competent evidence demonstrating: (a) the identity of the original creditor; (b) the complete and unbroken chain of assignment establishing Midland's ownership; (c) a signed contract or agreement creating the alleged obligation; and (d) an itemized accounting of the amount allegedly owed.

19. Plaintiff's dispute was timely, clear, and unequivocal.

20. Midland failed to provide Plaintiff with any validation, documentation, or admissible proof of the alleged debt.

21. Midland did not produce a contract, billing statements, chain of title, or any evidence sufficient to demonstrate that the alleged debt was valid or that Midland had standing to collect it.

22. Despite receiving Plaintiff's dispute, Midland failed to cease collection activity as required by federal law.

23. Instead of validating the debt, Midland caused the alleged tradeline to be removed from Plaintiff's consumer credit reports.

24. Midland's removal of the tradeline did not constitute validation of the debt, verification of accuracy, or proof of ownership.

25. Upon information and belief, Midland removed the tradeline because it lacked sufficient evidence to substantiate the debt and could not complete a reasonable investigation.

26. Midland's conduct forced Plaintiff to expend time and effort disputing an alleged obligation that should never have been pursued without proof.

27. As a direct and proximate result of Midland's actions and omissions, Plaintiff suffered actual damages, including but not limited to emotional distress, anxiety, frustration, loss of time, damage to credit reputation, and interference with Plaintiff's financial opportunities.

28. Midland's actions were knowing, willful, reckless, and in conscious disregard of Plaintiff's rights under the FDCPA and FCRA.

## V. CAUSES OF ACTION

4

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §§ 1692e, 1692f, 1692g(b)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and the alleged obligation constitutes a "debt" as defined by 15 U.S.C. § 1692a(5).

31. Midland violated 15 U.S.C. § 1692g(b) by continuing collection activity after receiving Plaintiff's timely written dispute without first providing proper validation of the alleged debt.

32. Midland failed to obtain and provide competent evidence demonstrating the existence of the debt, the amount owed, or Midland's legal right to collect.

33. Filing and maintaining a collection lawsuit without possessing admissible evidence of the debt constitutes continued collection activity under the FDCPA.

34. Midland violated 15 U.S.C. § 1692e by falsely representing the character, amount, and legal status of the alleged debt.

35. Midland violated 15 U.S.C. § 1692e by implying that the alleged debt was legally enforceable despite lacking standing, documentation, or proof of ownership.

36. Midland violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect an alleged debt, including weaponizing the judicial process without proof.

37. Midland's conduct would mislead the least sophisticated consumer.

38. Midland's violations were knowing, willful, and intentional, entitling Plaintiff to statutory damages.

## COUNT II – FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681s-2(b)

5

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. After Plaintiff disputed the alleged debt, consumer reporting agencies transmitted notice of the dispute to Midland.

41. Upon receipt of dispute notice, Midland was required to conduct a reasonable investigation pursuant to 15 U.S.C. § 1681s-2(b).

42. Midland violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the disputed information.

43. Midland violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

44. Midland violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of any investigation to the consumer reporting agencies.

45. Midland violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to modify, delete, or permanently block the reporting of information that could not be verified through a reasonable investigation.

46. Midland's removal of the tradeline without validation evidences the absence of reasonable procedures and confirms Midland could not verify the debt.

47. Midland's acts and omissions were negligent and/or willful.

48. As a direct and proximate result of Midland's FCRA violations, Plaintiff suffered actual damages.

## VI. DAMAGES

35. Plaintiff suffered actual damages including emotional distress, loss of time, credit denials, and reputational harm.

6

36. Plaintiff seeks statutory damages under the FDCPA.

37. Plaintiff seeks punitive damages for willful violations of the FCRA.

38. Plaintiff seeks attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1692k.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Statutory damages under the FDCPA;

B. Actual and punitive damages under the FCRA;

C. Attorneys' fees and costs;

D. Declaratory relief;

E. Such other relief as the Court deems just and proper.

VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

IX. SIGNATURE BLOCK

Respectfully submitted,


Calvin Jackson

110 Coventry Rd

Summerville, SC 29843

Email: calvin71@genheatandair.com

Tel: 843-260-8794

Date:

7

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Calvin Jackson
   Street Address: 110 Coventry Rd
   City and County: Summerville, Berkeley
   State and Zip Code: South Carolina 29486
   Telephone Number: 843-260-8794

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Midland Credit Management
   Job or Title (if known):
   Street Address: 350 Camino de la Reina Suite 100
   City and County: San diego, San diego Co.
   State and Zip Code: California 92108
   Telephone Number:

   Defendant No. 2
   Name:
   Job or Title (if known):
   Street Address:
   City and County:
   State and Zip Code:
   Telephone Number:

   Defendant No. 3
   Name:

2

| | |
|---|---|
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question           ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

(FDCPA) 15.USC 1692   15USC 1681

3

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.    The Plaintiff(s)

        a.    If the plaintiff is an individual

            The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

        b.    If the plaintiff is a corporation

            The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.    The Defendant(s)

        a.    If the defendant is an individual

            The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

        b.    If the defendant is a corporation

            The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    $14,270

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On July 27, 2020 Defendant Midland Credit Management, Inc file a civil debt collection Lawsuit against Plaintiff in the State of California Alleging that Plaintiff owes consumer debt Acquired by Midland

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Emotional distress, Loss of time Credit denials, Court fees, reputational harm and other relief As the Court deems.

5

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Feb 05, 2026.

Signature of Plaintiff     *Calvin Jackson* (signature)
Printed Name of Plaintiff     Calvin Jackson

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney     _____
Printed Name of Attorney  _____
Bar Number                _____
Name of Law Firm          _____
Address                   _____
Telephone Number          _____
E-mail Address            _____

6